UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY** : <br> : <br>   Plaintiff, : <br> : <br>   v. : <br> : <br> **MID-ATLANTIC DISTRIBUTION COMPANY INC.** : <br> : <br>   Defendant. : | Case No. |

## COMPLAINT

COMES NOW, Plaintiff, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "Norfolk Southern"), which complains of Defendant, Mid-Atlantic Distribution Company, Inc., and alleges as follows:

1. Jurisdiction in this matter is based upon 28 U.S.C. § 1337 as a cause of action arising under the Interstate Commerce Act, 49 U.S.C. § 10101 et seq., as well as upon 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states.

2. Venue lies in this judicial district by virtue of 28 U.S.C. § 1391(b) in that the defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3. Plaintiff Norfolk Southern Railway Company ("Norfolk Southern") is a corporation organized under the laws of the State of Virginia, with its principal corporate headquarters in Norfolk, Virginia, and operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, et seq.

4. Defendant Mid-Atlantic Distribution Company, Inc. (hereinafter "Mid-Atlantic") is upon information and belief, a Pennsylvania corporation with its principal place of business located at 2955 State Road in Croydon, Pennsylvania 19021.

5. The subject matter of this action stems from rail car demurrage charges, which are assessed pursuant to the provisions of Norfolk Southern Demurrage Tariff NS 6004 and rules promulgated thereunder relating to freight car use and distribution.

6. Between March of 2000 and December of 2001, Mid-Atlantic received delivery of rail cars but failed to timely return the rail cars to Norfolk Southern within the permitted "free time," and thereby incurred $99,180.00 in demurrage charges, all of said charges due and owing to plaintiff Norfolk Southern.

7. A full compilation of all such charges has been prepared by invoice and submitted to Mid-Atlantic.

8. Although repeated demand has been made for payment of the aforementioned charges, Mid-Atlantic has refused payment.

**WHEREFORE**, plaintiff Norfolk Southern Railway Company prays judgment on its complaint against defendant Mid-Atlantic Distribution Company, Inc. as follows:

1. For judgment against defendant Mid-Atlantic in the amount of $99,180.00, together with interest;

2. For judgment against defendant Mid-Atlantic for its attorneys' fees, expenses, court costs, investigation costs and other costs of suit incurred in the litigation of this matter; and

3. For such other and further relief as the court deems just and proper.

By: _____
Paul D. Keenan
Kenneth J. Grunfeld

Attorneys for Plaintiff
Union Pacific Railroad Company

Dated: _____